IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| Brent Myers, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Smith, Rouchon and Associates, Inc., a Mississippi corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Brent Myers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Brent Myers ("Myers"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for medical services to Northwest Medical Center.

4. Defendant, Smith, Rochon and Associates ("SRA"), is a Mississippi corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Florence, Alabama and Jackson, Mississippi, Defendant SRA operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant SRA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Although Defendant SRA conducts business from an office in Florence, Alabama, it is not registered to conduct business in Alabama.

**FACTUAL ALLEGATIONS**

6. On March 5, 2021, Mr. Myers and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Myers, N.D.Ala.Bankr. No. 21-80400-CRJ7. Among the debts listed on Schedule E/F of Mr. Myers' bankruptcy petition was a debt that he allegedly owed for medical services to Northwest Medical Center ("NMC"), see, excerpt of Schedule E/F, attached as Exhibit A.

7. Accordingly, on March 6, 2021, NMC was sent notice of the bankruptcy by the court, via electronic transmission, see, the Certificate of Notice to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit B.

8. On March 25, 2021, the court dismissed the bankruptcy and on March 26, 2021, NMC was sent, via electronic transmission, notice of the dismissal, see, the Certificate of Notice – Order Dismissing Case, which is attached as Exhibit C.

9. Thereafter, on April 7, 2021, the Motion to Reinstate Case for Mr. Myers' bankruptcy was approved and on April 8, 2021, NMC was sent, via electronic

transmission, notice of same, see, the Certificate of Notice – Order On Debtor's Motion To Reinstate Case, which is attached as Exhibit D.

10. Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11. Nonetheless, Defendant sent Mr. Myers a collection letter in the beginning of May, 2021, demanding payment of the NMC debt he allegedly owed prior to the bankruptcy, and sent him a follow up collection letter, dated May 28, 2021, which threatens to sue him to collect the debt. Copies of these collection letters are attached as Exhibit E and F, respectively.

12. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

13. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that he has refused to pay, for example, by filing for bankruptcy protection, see, 15 U.S.C. § 1692c(c). Moreover, attempting to collect a debt which was included in a bankruptcy, and threatening to file a lawsuit to collect that debt, constitutes the use of false and/or deceptive or misleading statements, which are prohibited by § 1692e of the FDCPA, see, 15 U.S.C. § 1692e.

3

14. Mr. Myers had been informed by counsel and believed that he had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's continued collection communications, after he had filed for bankruptcy, made Plaintiff believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Mr. Myers' legally-protected right to be left alone, his right to privacy and his right to receive collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

15. Defendant's actions caused Plaintiff to question whether his counsel had done its job, whether this debt was actually included in his bankruptcy, and whether he had the right to be left alone – all of which upset, distressed, outraged, and alarmed Mr. Myers.

16. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Included In A Bankruptcy

18. Plaintiff adopts and realleges ¶¶ 1-17.

4

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

20. Demanding payment of a debt that is no longer owed, due to a bankruptcy, and threatening to file a lawsuit to collect a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

21. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

24. Here, the bankruptcy and the notices issued by that court, provided notice to cease communications and cease collections. By communicating directly with Mr. Myers regarding this debt and demanding payment, despite his bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

25. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Brent Myers, prays that this Court:

1. Find that Defendant's form collection letter violate the FDCPA;

2. Enter judgment in favor of Plaintiff Myers, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brent Myers, demands trial by jury.

            Brent Myers

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

            By: /s/ Ronald C. Sykstus
            One of Plaintiff's Attorneys

Dated: June 2, 2021

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
    & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com